UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| AMANDA D. WALTER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-971 |
| | ) | |
| v. | ) | Honorable Phillip J. Green |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# **MEMORANDUM OPINION**

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits. On October 25, 2013, plaintiff filed her application for SSI benefits. Plaintiff alleged a March 22, 2011, onset of disability. (ECF No. 9-5, PageID.191). Plaintiff's claim was denied on initial review. (ECF No. 9-4, PageID.143-46). On November 4, 2015, she received a hearing before an ALJ. (ECF No. 9-2, PageID.73-107). On December 7, 2015, the ALJ issued his decision finding that plaintiff was not disabled. (Op., ECF No. 9-2, PageID.57-67). On September 7, 2017, the Appeals Council denied review (ECF No. 9-2, PageID.29-32), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff states that the Commissioner's decision should be overturned on

the following grounds:

> I. The ALJ incorrectly adopted the previous RFC determination from an earlier decision and misapplied Social Security Acquiescence Rulings (SSR) 98-4(6) and 98-3(6) and the precedent set forth in *[Drummond] v. Commissioner of Social Security*, 126 F.3[d] 837 (6th Cir. 1997); and *Dennard v. Secretary of HHS*, 907 F.2d 598 (6th Cir. 1990) as there was a clear change in the condition and clinical diagnosis in this case. The decision further fails to provide rationale for the previous adopted RFC.
>
> II. The ALJ failed to comply with the "treating physician rule" and improperly discounted the opinions of her treating physicians and failed to provide specific valid reasons as to why the treating physicians' opinions should not be afforded controlling weight in violation of *Wilson v. Commissioner*, 378 F. 3d [541] (6th Cir. 2004). Further the decision did not apply the same standards to non-treating and record reviewer opinions which were afforded greater weight of evidence without similar scrutiny?
>
> III. The ALJ failed to properly evaluate the psychiatric conditions by rejecting and/or effectively minimize the conditions on the basis that there was no objective evidence (i.e. lack of documented brain damage in diagnostic testing). The Decision failed to properly account for the longstanding psychiatric and functional limitations in formulating the residual functional capacity which he adopted from an earlier ruling.
>
> IV. The Decision failed to discuss or consider the side effects from the medications and failed to properly consider the side effects in the residual functional capacity formulation and the resulting decision is not supported by substantial evidence.

(Plf. Brief at 7-8, ECF No. 14, PageID.761-62).

Plaintiff presents no developed argument for the above-listed issues. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *see also United States v. Ahmed*, No. 17-4046, __ F. App'x __, 2018 WL 2357422 at * 3 n.1 (6th Cir. May 24, 2018) (It is "not the job of an appellate court to

make[] arguments for [a party].") (citation and quotation omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to... put flesh on its bones.") (quotation and citation omitted)).

Even assuming that the issues had not been waived, they would not provide a basis for disturbing the Commissioner's decision. The ALJ found that plaintiff had not engaged in substantial gainful activity since October 25, 2013, the application date. (Op. at 3, ECF No. 9-2, PageID.59). Plaintiff had the following severe impairments: "affective disorders, anxiety disorders, personality disorders, spine disorders, and migraine headaches." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 5, PageID.61). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (*Id.* at 6, PageID.62). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (*Id.* at 6-10, PageID.62-66). Plaintiff has no past relevant work. (*Id.* at 10, PageID.66).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 178,000 jobs that exist in the national economy that hypothetical person would be capable of performing. (ECF No. 9-2, PageID.102-03). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 10-11,

PageID.66-67).

The Court finds that the ALJ's findings are supported by substantial evidence and that he correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001).

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision is affirmed.


Dated: June 13, 2018 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge